FILED
11/16/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLISON FISHMAN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| THOMAS DART, SHERIFF OF COOK ) | |
| COUNTY, ILLINOIS; COOK COUNTY, ) | |
| ILLINOIS; DEPUTY SHERIFF JAMESON ) | |
| DEPUTY SHERIFF TAYLOR, & UNKNOWN ) | |
| COOK COUNTY, ILLINOIS SHERIFF'S ) | |
| DEPUTIES ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALLISON FISHMAN, by and through his attorney, GENEVA L. PENSON, and complaining against the Defendants, THOMAS DART, SHERIFF OF COOK COUNTY, ILLINOIS; COOK COUNTY, ILLINOIS; & UNKNOWN COOK COUNTY, ILLINOIS SHERIFF'S DEPUTIES, states as follows:

### INTRODUCTION

1. This action is brought seeking damages as redress for Defendants' violations of the Plaintiffs' rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' unlawful detention of the Plaintiff, connected with an incident occurring from August 8-12, 2013 wherein Defendant's held Plaintiff four days past the day on which she was to be released from Cook County Jail.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec.1331 and Sec.1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and

venue pursuant to 28 U.S.C. Sec.1391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. Sec.1367(a).

## THE PARTIES

3. From August 8-12, 2013 and at all relevant times herein, the Plaintiff Fishman was a citizen of the United States and enjoyed all the rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4. From August 8-12, 2013 and at all relevant times herein, the Defendant Thomas Dart was the Sheriff of Cook County, a constitutional officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with Cook County Illinois. Defendant Dart is sued in his official capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5. From August 8-12, 2013 and at all relevant times herein, the Defendant Unknown Cook County Sheriff's Deputies were duly sworn peace officers under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein were acting under color of law and within the scope of there employment with Cook County, Illinois. Defendant Unknown Cook County Sheriff's Deputies are sued in there individual capacities. Upon information and belief, the Defendants resides in Cook County, Illinois.

6. From August 8-12, 2013 and at all relevant times herein, the Defendant Cook County, Illinois was a municipal corporation organized and chartered under the laws of the State of Illinois, obligated to indemnify employees for judgments resulting from conduct occurring

within the scope of employment and employing unknown police officers or police personnel herein. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby. It was also the public employer of all of the individual Defendants.

STATEMENT OF FACTS

7. On February 13, 2013, Plaintiff, Allison Fishman, was placed on probation for two felony retail theft cases then pending in the Cook County Circuit court under case numbers 13 CR 0026 and 13 CR 2438.

8. Between February 13, 2013 and August 1, 2013, Plaintiff was alleged to have violated the terms of her probation.

9. On information and belief, or about August 1, 2013 and pursuant to an agreement between Plaintiff and the State's Attorney, Plaintiff pleaded guilty to an alleged probation violation and was sentenced to eight days in the Cook County Jail, with her sentence to commence on August 1, 2013.

10. On information and belief, Plaintiff was processed into the Cook County Jail, which is controlled administered by Cook County Sheriff Thomas Dart, on August 1, 2013.

11. Pursuant to the agreement between Plaintiff and the Cook County State's Attorney, Plaintiff was to be released from the Cook County Jail on August 8, 2013.

12. Instead of releasing her on August 8, 2013, Defendants kept Plaintiff confined at the Cook County Jail for four additional days, until August 8, 2013.

13. Defendants had not court order authorizing them to hold Plaintiff in the Cook County Jail after August 8, 2013.

14. Plaintiff discussed with several unknown Cook County Sheriff's Deputies that she

was to be released on August 8, 2013.

15. On August 9, 2013, Plaintiff filed an emergency inmate grievance with the Sheriff's Office demanding to be released from custody pursuant to the order of the court.

16. Still, Defendants did not release Plaintiff until August 12, 2013.

COUNT I
FOURTH & FOURTEENTH AMENDMENT VIOLATIONS
DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS
42 U.S.C. Sec. 1983

17. Plaintiff incorporates paragraphs 1 – 16 above as though fully set forth herein.

18. At all relevant times herein, the Plaintiffs enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from deprivation of her liberty without due process and objective probable cause.

19. At all relevant times herein, Defendants accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means to effect the unlawful and unreasonable detention and deprivation of Plaintiffs' liberty without lawful authority.

20. At all relevant times herein, the Defendants were acting under color of law and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

21. Plaintiff was held for days after she was to be released from jail pursuant to court order.

22. Defendants had no legal authority to hold Plaintiff in jail between August 8 and August 12, 2013.

23. Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth

Amendment to the United States Constitution and has caused Plaintiff to suffer damages including loss of reputation, mental anguish, emotional distress, financial costs, and legal expenses. As the proximate result of the unlawful and unreasonable acts by the Defendants, which violated the rights of the Plaintiff, the Plaintiff has suffered injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiff demands judgment against all defendants, jointly and severally, for compensatory and punitive damages in a sum in excess of $50,000.00.

COUNT II
42 U.S.C. Sec. 1983 VIOLATION
COOK COUNTY ILLINOIS
(MONELL LIABILITY)

24. Plaintiff incorporates herein paragraphs 1 – 16 above as though fully set forth herein.

25. Prior to August 8, 2013, Cook County, Illinois developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in custody at the Cook County Jail, which caused the violation of Plaintiff's rights.

26. It was the policy and/or custom of Cook County, Illinois and its officers to inadequately and improperly investigate or resolve complaints of relating to unlawful detention of inmates at the Cook County Jail, and to instead tolerate such acts by Sheriff's Deputies.

27. It was the policy and/or custom of Cook County, Illinois to inadequately supervise and train its Sheriff's Deputies, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its Sheriff's Deputies. The Department did not require appropriate in-service training or re-training of deputies who were known to have engaged in unlawful detentions.

28. As a result of the above described policies and customs, Sheriff's Deputies of

Cook County, Illinois , including Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

29. Cook County, Illinois failed to train and supervise its deputies, and failed to implement policies, to prevent constitutional violations relating to unlawful detentions.

30. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of Cook County, Illinois to the constitutional rights of persons within the county, and were the proximate cause of the violations of Plaintiff's rights alleged herein. As a direct and proximate result of the municipality's failures and actions, plaintiff suffered loss of reputation, humiliation, mental anguish, emotional distress, financial damages, and legal expenses.

WHEREFORE the Plaintiff demands judgment against the Defendant, Cook County, Illinois, for compensatory damages, costs incurred herein and attorney fees in a sum in excess of $50,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted by:

By: /s/ Geneva L. Penson
GENEVA L. PENSON
Attorney No. 6275680
52 W. Downer Pl., #301
P.O. Box 2285
Aurora, IL 60507-2285
(630) 844-6960
geneva_penson@att.net